# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN REED, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 08-C-5604 |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | Magistrate Judge Susan E. Cox |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Melvin Reed seeks recovery for his attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").[1] The Commissioner of Social Security ("the Commissioner") seeks a denial of plaintiff's motion or a reduction in the amount of the award. For the reasons discussed herein, the Court grants the motion and awards an amount of attorney's fees totaling $11,225.15 [dkt 22].

## PROCEDURAL HISTORY

On December 21, 2005, plaintiff filed an application for DIB claiming disability since December 8, 2004. The Social Security Administration denied plaintiff's application as well as his subsequent request for reconsideration. On September 27, 2006, plaintiff filed a request for a hearing by an Administrative Law Judge ("ALJ"). On March 27, 2008, the ALJ found plaintiff not disabled and denied his application for DIB. Next, on September 11, 2008, the Appeals Council denied plaintiff's request for review, leaving the ALJ's ruling as the final decision of the Commissioner. On October 7, 2008, plaintiff filed this action. On October 8, 2009, we granted plaintiff's motion for summary judgment and remanded the case to the ALJ for further proceedings to specifically

---
[1] 28 U.S.C. § 2412(d).

discuss plaintiff's symptoms of leg pain and toe numbness after step four in the ALJ's analysis. After the remand, on December 14, 2009, plaintiff timely filed a motion for an award of attorney's fees [dkt 22].

## BACKGROUND

The necessary facts are contained in the Court's October 8, 2009 Memorandum Opinion and Order [dkt 20], so we will only briefly restate them here. Plaintiff worked as a semi-truck driver for 32 years. Plaintiff claimed he had pain in his lower back and legs stemming from a back injury, which caused him to stop working. In plaintiff's motion for summary judgment, he presented arguments challenging the ALJ's decision on several grounds. Agreeing with one of plaintiff's arguments, the court remanded the case, finding that the ALJ improperly excluded evidence of plaintiff's treating physicians, specifically, records documenting that plaintiff had symptoms of toe numbness and leg pain. As was noted in this Court's decision, we were troubled with the lack of specificity in the ALJ's opinion regarding the implications of plaintiff's toe numbness and leg pain and his ability to return to work as a semi-truck driver.[2] We, therefore, remanded the case for further analysis and explanation as to the weight, if any, given to the reports regarding symptoms of leg pain and toe numbness.[3]

## ANALYSIS

Plaintiff argues that he is entitled to attorney's fees because the Commissioner was not substantially justified in relying on the ALJ's decision, principally because the ALJ erred by concluding that plaintiff could perform his past work as a truck driver without discussing how plaintiff's toe numbness and shooting leg pain would affect his ability to drive. The Commissioner

---

[2] *Reed v. Astrue*, No. 08-C-5604, 2009 WL 3273207 (N.D.Ill. Oct. 8, 2009).
[3] *Reed v. Astrue*, No. 08-C-5604, 2009 WL 3273207 at *12 (N.D.Ill. Oct. 8, 2009).

argues that the ALJ did not need to discuss the impact of these symptoms because he found them to be not wholly credible. As a result, the Commissioner argues that he was substantially justified in relying on the ALJ's lack of specificity. Next, the Commissioner argues that plaintiff is not entitled to any attorney's fees or, in the alternative, that plaintiff is entitled to a reduced amount. The Commissioner, however, has not set forth with any specificity how much the fees should be reduced.

A plaintiff is eligible for a reasonable award of fees under the Equal Access to Justice Act ("EAJA") if: (1) he or she is a "prevailing party;" (2) the government's position was not "substantially justified;" (3) there are no "special circumstances" that make "an award unjust;" and (4) the fee application "is submitted to the court within 30 days of final judgment and is supported by an itemized statement."[4] There is no dispute that plaintiff is a prevailing party,[5] there are no special circumstances, and plaintiff's application was timely filed. Thus, the two issues before the court are whether: (1) the government's position was substantially justified; and (2) plaintiff's request for fees totaling $11,225.15 is reasonable. The Court will examine each of these issues in turn.

**A. Substantial Justification**

Plaintiff asserts that the Commissioner was not justified in his position because he relied on the ALJ's decision even though the ALJ did not determine or articulate the impact of plaintiff's symptoms of leg pain and toe numbness on plaintiff's ability to return to work. The Commissioner responds that: (1) he had a reasonable basis for defending the ALJ's decision, especially because Dr. Chavez's and Dr. Rabinowitz's testimony noted that they observed normal gait, sensation, station

---

[4] 28 U.S.C. § 2412(d)(1)(A)-(B); *U.S. v. Hallmark Constr. Co.,* 200 F.3d 1076, 1078-79 (7th Cir. 2000).
[5] *See Shalala v. Schaefer,* 509 U.S. 292, 293, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) (finding that "a Social Security claimant who obtains a sentence-four judgment reversing the Secretary's denial of benefits meets the description of a 'prevailing party'[.]").

and standing position; and (2) plaintiff did not testify that his toe numbness and leg pain interfered with his ability to drive.

To establish that its position was substantially justified, the government must show that it "could satisfy a reasonable person."[6] The government's position does not necessarily have to be correct, but must have "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the theory propounded."[7] If a court's opinion contains "strong language against the Commissioner's position ... it is evidence in support of an award of fees."[8] On the other hand, "the closeness of the question is, in itself, evidence of substantial justification."[9] Finally, because the reasonableness analysis involves a "global assessment" of the entire civil action, the government is not automatically justified simply because it prevails on a majority of the issues.[10]

Here, we remanded the case based only on the ALJ's exclusion of any discussion regarding plaintiff's symptoms of leg pain and toe numbness after step four of the analysis. Because the ALJ has a duty to develop a full and fair record, we determined that there was "good cause" to remand the case to more fully assess that evidence.[11] As we stated in our Order, a remand was warranted because there was no indication as to whether the ALJ examined or considered the symptoms of toe numbness and leg pain when making his determination that plaintiff could return to his past work.

The Commissioner argues that the ALJ's basis for disregarding the omission was because the rest of the evidence supported a finding that plaintiff could perform his past relevant work as a

---

[6] *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *Golembiewski v. Barnhart,* 382 F.3d 721, 724 (7th Cir.2004) (noting that the government bears the burden of proof for its position).
[7] *Pierce*, 487 U.S. at 566 n.2; *Conrad v. Barnhart,* 434 F.3d 987, 990 (7th Cir. 2006).
[8] *Golembiewski v. Barnhart,* 382 F.3d 721, 724 (7th Cir. 2004).
[9] *Cummings v. Sullivan,* 950 F.2d 492, 498 (7th Cir. 1991).
[10] *Hallmark Constr., Co.,* 200 F.3d at 1081.
[11] *See Smith v. Apfel,* 231 F.3d 433, 437 (7th Cir. 2000).

semi-truck driver. Specifically, the Commissioner argues that the ALJ did not need to discuss the impact of these symptoms because he found them to be not wholly credible. However, the Commissioner's reasoning is not persuasive because "general principles of administrative law preclude Commissioner's lawyers from advancing grounds of the agency's decision that were not given by the ALJ."[12] Here, the ALJ did not explain the exclusion of the symptoms plaintiff noted to his doctors. Therefore, the Commissioner's reasoning was not supported. Even if the additional symptoms would have played a small role in the case, the ALJ has a duty to develop the record. Therefore, the government did not have a reasonable basis to rely on the ALJ's decision. The Commissioner has, thus, failed to show that his position was substantially justified.

**B. Reasonableness of Fees**

Plaintiff requests attorney's fees in the amount of $11,225.15. The breakdown of the calculation is as follows: 59.5 attorney hours plus an additional 3.5 hours for the reply brief to this motion at the rate of $170.00 per hour totaling $10,710.00; 1.7 legal assistant hours at the rate of $85.00 per hour totaling $144.50, and a filing fee of $350.00, plus $20.65 for the FedEx filing fee. The Commissioner argues that the award should be reduced because: (1) fees generated before the filing of plaintiff's complaint should be excluded; and (2) plaintiff's petition contains duplicate efforts made by multiple attorneys.

First, plaintiff bears the burden of showing that the fees requested are reasonable.[13] In *Hensley v. Eckerhart*, the Supreme Court explained, "hours that are not properly billed to one's client also are not properly billed to one's adversary."[14] As a result, the prevailing party must make a good

---

[12] *See Golembiewski,* 382 F.3d at 725 (citations omitted).
[13] *See Hensely v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (citations omitted).
[14] 461 U.S. at 434.

faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.[15] The amount of a fee award is left to the discretion of the district court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters."[16]

The Commissioner argues that plaintiff's attorney billed time for matters at the administrative level and, therefore, these fees should be excluded from the award. The Court rejects the Commissioner's argument and finds the .6 hours counsel spent and the .2 hours counsel's legal assistant spent reviewing the administrative record was related to preparing for this litigation and was not spent on administrative matters. Therefore, the .8 hours spent making the decision to bring a federal court civil action should be included in the award. The Commissioner's claim that .8 hours was excessive is also viewed as too small to be of consequence.[17]

The Commissioner then argues that the 47.2 hours spent on plaintiff's main brief are excessive because it represents the overlapping efforts of two attorneys. The Court does not agree with the Commissioner that this time was excessive. As was noted in *Gillespie-Kern v. Barnhart*, "it is entirely appropriate (and indeed reflects the realities of the market) that a senior attorney will guide and advise a junior attorney rather than take the laboring oar with respect to researching and drafting briefs."[18] A less experienced attorney is commonly under the direction and supervision of a more senior attorney who reviews their work. From the submissions provided, the work done by plaintiff's attorney does not appear to be redundant or duplicative. Instead, it appears that a more

---

[15] *Id.*
[16] *Id.* at 437.
[17] *Nelson v. Sullivan*, 86-C-9219, 776 F.Supp. 1265 (N.D.Ill. Oct. 4, 1991)(.4 hours co-counsel spent attending oral argument handled by another attorney was de minimis, and thus non curat lex).
[18] No. 06-C-6389 (N.D.Ill. Nov. 8, 2007).

senior attorney reviewed and revised a junior attorney's work. Accordingly, we will allow the hours as part of the EAJA award because courts have allowed billing for both attorneys' work in similar instances.[19] Furthermore, the Commissioner has not provided the Court with a proposed alternative, or, a reduced amount for attorney's fees. So despite the Court's agreement with only one of plaintiff's arguments, a fee reduction is not appropriate. Plaintiff challenged the ALJ's decision as a whole and advanced multiple arguments. Plaintiff is, therefore, entitled to the fees that he incurred developing his overall case.[20]

## CONCLUSION

For the reasons set forth above, the Court finds that the Commissioner's position was not substantially justified and finds plaintiff's fees reasonable. Accordingly, the Court grants plaintiff's motion for attorney's fees in the amount of $11,225.15 [dkt 22].

**IT IS SO ORDERED.**

**ENTERED: February 19, 2010**

**United States Magistrate Judge
Susan E. Cox**

---

[19] *Holland v. Barnhart*, 02-C-8398, 2004 WL 419871 at *2 (N.D.Ill. Feb. 3, 2004); *Embry v. Barnhart*, No. 02-C-3821, 2003 WL 22478769 at *4 (N.D.Ill. Oct. 31, 2003); *Steele v. Barnhart*, No. 99-5455, 2002 WL 31478268 at *2 (N.D.Ill. Nov. 5, 2002)("… it is perfectly reasonable that an attorney spend several hours drafting a document, have a senior attorney review it, discuss that attorney's comments and spend several hours incorporating the suggestions.").

[20] *Hensley,* 461 U.S. at 435("the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.")